J-S02011-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WAYNE D. GROSS, JR. | : | |
| | : | |
| Appellant | : | No. 756 MDA 2019 |

Appeal from the Judgment of Sentence Entered April 5, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0001298-2015

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WAYNE D. GROSS, JR. | : | |
| | : | |
| Appellant | : | No. 757 MDA 2019 |

Appeal from the Judgment of Sentence Entered April 5, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0001299-2015

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WAYNE DAVID GROSS, JR. | : | |
| | : | |
| Appellant | : | No. 758 MDA 2019 |

Appeal from the Judgment of Sentence Entered April 5, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0001480-2015

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |

J-S02011-20

                                    :

             v.                       :

                                    :

WAYNE DAVID GROSS, JR.        :

                                    :

             Appellant          :     No. 759 MDA 2019

Appeal from the Judgment of Sentence Entered April 5, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0001776-2016

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                    :            PENNSYLVANIA

                                    :

             v.                       :

                                    :

WAYNE D. GROSS, JR.            :

                                    :

             Appellant          :     No. 760 MDA 2019

Appeal from the Judgment of Sentence Entered April 5, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0001780-2016

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                    :            PENNSYLVANIA

                                    :

             v.                       :

                                    :

WAYNE D. GROSS, JR.            :

                                    :

             Appellant          :     No. 761 MDA 2019

Appeal from the Judgment of Sentence Entered April 5, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0003976-2016

BEFORE: BENDER, P.J.E., KING, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                FILED MARCH 18, 2020

- 2 -

Appellant, Wayne D. Gross, Jr., appeals from the judgment of sentence of 80 to 160 months' incarceration, imposed after his previous sentence of State Intermediate Punishment (SIP)[1] was revoked in his six underlying cases.[2]  Appellant seeks to challenge the discretionary aspects of his revocation sentence.  Additionally, his counsel, Robert M. Buttner, Esq., seeks to withdraw his representation of Appellant pursuant to Anders v. California, 386 U.S. 738 (1967), and Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009).  After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

_____

[1] This Court has explained:

> SIP is a two-year program designed to benefit certain criminal offenders with drug and alcohol problems. Treatment in the program is a privilege granted at the discretion of the sentencing court.  During the two-year program, the sentenced individual progresses from incarceration to in-patient drug treatment, outpatient treatment and supervision, and, finally, reintegration into the community.  61 Pa.C.S. § 4105(b).  The program gives the Department of Corrections "maximum flexibility" to "transfer a participant back and forth between less restrictive and more restrictive settings."  61 Pa.C.S. § 4105(c)(2).

Commonwealth v. Flowers, 149 A.3d 867, 873 (Pa. Super. 2016) (some citations, quotation marks, and footnotes omitted).

[2] Appellant properly filed a separate notice of appeal in each of his six underlying cases.  See Commonwealth v. Walker, 185 A.3d 969, 977 (Pa. 2018) ("[T]he proper practice under [Pa.R.A.P.] 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal.").  On June 3, 2019, this Court issued a per curiam order that sua sponte consolidated Appellant's cases.

In 2015, Appellant pled guilty to two counts of theft by unlawful taking in CP-40-CR-0001298-2015 and CP-40-CR-0001480-2015, as well as terroristic threats and recklessly endangering another person in CP-40-CR-0001299-2015. On October 14, 2015, he received a sentence of probation.

In 2017, Appellant pled guilty in three new cases to two counts of burglary (CP-40-CR-0001776-2016 and CP-40-CR-0001780-2016), and two counts of theft by unlawful taking (CP-40-CR-0003976-2016). Appellant's new cases resulted in the revocation of his probation in his 2015 cases. On April 21, 2017, the court sentenced Appellant on all six cases to SIP.

However, Appellant did not adhere to the SIP requirements, and he was ultimately discharged from the program in January of 2019. On April 5, 2019, the trial court held a resentencing hearing for Appellant's six cases. At the close thereof, the court imposed consecutive, standard-range sentences resulting in an aggregate term of 80 to 160 months' incarceration. Appellant was given credit for 925 days of time served.

Appellant did not file a post-sentence motion. On May 6, 2019, he filed timely notices of appeal in each case. After the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, Attorney Buttner filed a Rule 1925(c)(4) statement of his intent to file an Anders brief and petition to withdraw. The court filed a Rule 1925(a) opinion on July 2, 2019. On October 30, 2019, Attorney Buttner filed his petition to withdraw and Anders brief with this Court, discussing the following issue that Appellant seeks to raise on appeal:

1. Whether the trial court abused its discretion and impose[d] an unduly harsh sentence when it imposed a state sentence of total confinement, following revocation of SIP, of an aggregate term of 80 to 160 months[,] which was the result of running six (6) cases consecutive to one another?

Anders Brief at 6.

Attorney Buttner concludes that this issue is frivolous, and that Appellant has no other, non-frivolous issues he could pursue herein. Accordingly,

this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [[] Appellant]. Commonwealth v. Goodwin, 928 A.2d 287, 290 (Pa. Super. 2007) (en banc).

Prior to withdrawing as counsel on a direct appeal under Anders, counsel must file a brief that meets the requirements established by our Supreme Court in Santiago. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Santiago, 978 A.2d at 361. Counsel also must provide a copy of the Anders brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that [] Appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the Anders brief." Commonwealth v. Nischan, 928 A.2d 349, 353 (Pa. Super. 2007), appeal denied, 594 Pa. 704, 936 A.2d 40 (2007).

Commonwealth v. Orellana, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of Anders and Santiago, this Court must then "conduct a simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." Commonwealth v. Dempster, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc).

In this case, Attorney Buttner's Anders brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's claim, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. Attorney Buttner stated in his petition to withdraw that he has supplied Appellant with a copy of his Anders brief, and he attached a letter directed to Appellant in which he informed Appellant of the rights enumerated in Nischan. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issue is frivolous, and to ascertain if there are any other, non-frivolous issues he could pursue on appeal.

Initially, we agree with Attorney Buttner that Appellant's discretionary-aspects-of-sentencing claim is frivolous because it was not preserved by Appellant orally at the sentencing hearing, or in a post-sentence motion. See

Commonwealth v. Griffin, 65 A.3d 932, 935 (Pa. Super. 2013) ("Objections to the discretionary aspects of sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.") (citation omitted).

Notwithstanding, we also would agree with Attorney Buttner that Appellant's sentencing claim is frivolous on the merits.

> Preliminarily, we recognize ... that [a] SIP sentence [is] analogous to a sentence of probation. See ... Commonwealth v. Kuykendall, 2 A.3d 559, 563–564 (Pa. Super. 2010)[]. We review a sentence imposed following a revocation of probation for an error of law or an abuse of discretion. [Commonwealth v.] Colon, 102 A.3d [1033,] 1041 [(Pa. Super. 2014)].
>
> Accordingly, we apply that same standard in reviewing revocation of [an a]pellant's SIP sentence. See Kuykendall, 2 A.3d at 563 (dictum). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused." Commonwealth v. Burns, 988 A.2d 684, 689 (Pa. Super. 2009) (en banc) (quoted citations omitted).

Flowers, 149 A.3d at 872–73 (footnote omitted).

Here, according to Attorney Buttner, Appellant believes "that the sentence imposed is too harsh ... because he immediately admitted to[,] and took responsibility for[,] both his conduct and his violation, and, for these reasons, the trial court should have imposed a sentence at the lowest end of the guidelines and [ran] the sentences concurrent to one another." Anders Brief at 7. Appellant also insists that the court's imposition of consecutive sentences was an abuse of discretion.

We are unconvinced. As Attorney Buttner observes, the trial court presided over Appellant's prior plea and sentencing hearings, thus demonstrating the court's familiarity with the circumstances of Appellant's cases. Id. at 15. The court also had the benefit of a pre-sentence report. See N.T. Sentencing, 4/5/19, at 2.[3] Therefore, we presume that the court "was aware of the relevant information regarding [Appellant's] character and weighed those considerations along with mitigating statutory factors." Commonwealth v. Fowler, 893 A.2d 758, 766-67 (Pa. Super. 2006).

Additionally, at the sentencing hearing, the Commonwealth stressed the fact that Appellant was before the court on six separate cases, and that the trial court had given Appellant "multiple opportunities" to serve more lenient sentences of probation, and then SIP. N.T. Sentencing at 3. Because Appellant had exploited those opportunities, the Commonwealth asked the court to impose "a lengthy period of incarceration in the state prison system...." Id. at 3-4. While defense counsel argued that Appellant's decision to plead guilty and accept responsibility called for a sentence at the low end

_____

[3] We note that Appellant objected to the pre-sentence report, claiming that it incorrectly stated that he pled guilty to "two felony burglaries" in cases CP-40-CR-0001776-2016 and CP-40-CR-0001780-2016. See N.T. Sentencing at 3. In response, the Commonwealth presented the court with Appellant's signed plea agreements to those two crimes, and the court pointed out that it had presided over, and recalled, Appellant's orally pleading guilty to those offenses. Id. The certified records of those cases state that Appellant pled guilty to burglaries graded as second-degree felonies. Accordingly, we discern no error in the court's finding no merit to Appellant's objection to the pre-sentence report.

of the standard guideline range, id. at 4, the court ultimately agreed with the Commonwealth. It explained that it "gave [Appellant] an opportunity to go to the state SIP program and he didn't like it and he didn't want to be there. He could have gotten rid of all of this in two years, but that's not going to happen now." Id. Accordingly, the court imposed consecutive sentences in the high-end of the standard-guideline range. As we have previously declared, "extensive case law in this jurisdiction holds that defendants convicted of multiple offenses are not entitled to a 'volume discount' on their aggregate sentence." Commonwealth v. Foust, 180 A.3d 416, 434-35 (Pa. Super. 2018) (citations omitted). Given this record and legal authority, we would discern no abuse of discretion in the court's decision to impose consecutive terms of incarceration for Appellant's six cases, even had he preserved his sentencing issue for our review. Accordingly, we affirm his judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/18/2020